UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

F I L E D

AUG - 9 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

TRUSTEES OF THE PLUMBERS AND            )
PIPEFITTERS NATIONAL PENSION FUND,  )
*et al.*,                                             )
　　　　　Plaintiffs,                              )
　　　　　　　　　　　　　　　　　　　　　　　)
v.                                                       )　　Case No. 1:12-cv-00417 (JCC/IDD)
　　　　　　　　　　　　　　　　　　　　　　　)
PRECISION PIPING, INC.,                      )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.                            )
_____)

## REPORT AND RECOMMENDATION

This matter is before the Court on The Trustees of the Plumbers and Pipefitters National

Pension Fund ("NPF") and the Trustees of the International Training Fund ("ITF") (collectively

referred to as "Plaintiffs") Motion for Default Judgment against Precision Piping, Inc.

("Defendant") pursuant to Federal Rule of Civil Procedure 55 (b)(2). (Dkt. No. 8.) After a

licensed attorney for Defendant failed to appear at the hearing on July 20, 2012, the undersigned

Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

Upon consideration of the Complaint, Plaintiffs' Motion for Default Judgment, and the

supporting affidavits, the undersigned Magistrate Judge makes the following findings and

recommends that default judgment be entered against the Defendant.

## I.  INTRODUCTION

On April 17, 2012, Plaintiffs filed this action under Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132

and 1145, and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C.

§ 185(a) and (c). (Compl. ¶ 4; Pls.' Mot. Default J. at 1.) These acts allow parties to enforce

provisions of their collective bargaining agreements. In filing their Complaint, Plaintiffs seek unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief,[1] and attorneys' fees and costs, pursuant to ERISA, LMRA, the Collective Bargaining Agreements, and the Restated Agreement and Declaration of Trust executed by the United Association Local Union No. 162 ("Local Union") and the Defendant. (Compl. ¶ 4.)

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 because the funds are administered from the Plaintiffs' principal place of business in Alexandria, Virginia. (Compl. ¶¶ 1, 2, 4.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[2] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132(e)(2) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). (Compl. ¶ 6.) Venue is also properly situated in this District because the breach of the

---

[1] In Count III of the Complaint, Plaintiffs seek an order enjoining the violations of the terms of the employee benefit plans and requiring Defendant to submit timely contributions and remittance reports to each plaintiff. Plaintiffs have not pursued their request for injunctive relief in their Motion for Default Judgment.

[2] The Court held that the Eastern District of Virginia had personal jurisdiction over the defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contacts theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

collective bargaining agreement and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Compl. ¶ 4.)

### B.  Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found.  When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."(quoting *Mississippi Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur.  Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h).  Individuals are properly served under subsection (e)(2) by delivering to the person a copy of the summons and the complaint.  *Id.* at 4(e)(2).

On May 22, 2012, a private process server delivered copies of the Summons and Complaint to Defendant's registered agent, Kristian Williams. (Dkt. No. 4.) Therefore, Plaintiffs properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

As previously stated, Plaintiffs filed their Complaint on April 17, 2012. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleading in this matter. On June 19, 2012, Plaintiffs filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On June 21, 2012, the Clerk entered default against Defendant. (Dkt. No. 6.) On July 10, 2012, the Plaintiffs filed a Motion for Default Judgment and a hearing on the matter was conducted on July 20, 2012. (Dkt. Nos. 8, 11.) After Defendant failed to appear at the July 20, 2012 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II.    FACTUAL FINDINGS[3]

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavits by William T. Sweeney Jr., the Administrator of the NPF ("Sweeney NPF Aff."), who is also authorized to execute an affidavit on behalf of the International Training Fund ("Sweeney ITF Aff."); the Declaration of John R. Harney, Plaintiffs' counsel ("Harney Decl."); and the documents submitted in proof of damages.

---

[3] Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

The Plaintiffs are the trustees of multiemployer employee benefit plans[4] administered from offices located in Alexandria, Virginia. (Compl. ¶¶ 1, 2.) Both the National Pension Fund ("NPF") and the International Training Fund ("ITF") are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement executed by the Local Union No. 162 and the Defendant. (*Id.*)

Defendant is a corporation existing under the laws of Ohio with offices located in Ohio. (Compl. ¶ 3.) Defendant transacts business in Ohio as a contractor or subcontractor in the plumbing industry. (*Id.*) At all relevant times, Defendant was an "employer in an industry affecting commerce," as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (*Id.*)

Defendant is a member of the Mechanical Contractors Association of Greater Dayton, a membership which binds it to a Collective Bargaining Agreement with Local Union No. 162. (Compl. ¶ 5.) Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay the NPF and ITF certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement. (Compl. ¶¶ 6, 7.) Plaintiffs claim that Defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the NPF (Count I) and the ITF (Count II) for work performed at Defendant's request. (Compl. ¶¶ 8, 9, 10, 16, 17.)

### A.    Count I – National Pension Fund

The NPF asserts that, pursuant to the reports submitted by Defendant, Defendant failed to make contributions to the NPF for the months of August 2011, September 2011, and November 2011 through February 2012 on behalf of members in Local 162. (Compl. ¶ 9; Sweeney NPF

---

[4] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

Aff. ¶ 6.)  According to the remittance reports submitted by Defendant, Defendant failed to make contributions to NPF for the above stated time periods in the amount of $14,546.00. (Compl. ¶ 10; Sweeney NPF Aff. ¶ 6.)

The NPF further alleges that Defendant is bound to make payments under Article VI, Section 5, of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Comp. ¶ 13.) Pursuant to this provision, the NPF claims that it is owed liquidated damages in the amount of $1,454.60 for the months of August 2011, September 2011, and November 2011 through February 2012. (Compl. ¶ 14; Sweeney NPF Aff. ¶ 10.)

In addition, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the NPF at the rate of twelve percent (12%) per annum continuing to accrue from the due date through the date of payment. (Sweeney NPF Aff. ¶ 10.) The NPF fund alleges that Defendant owes interest on the delinquent contributions in the amount of $1,090.65, calculated until July 20, 2012 or date of payment. (*Id.* ¶ 11.)

Therefore, Defendant owes the NPF a total of $17,091.25 in the following amounts: $14,546.00 in contributions for the months of August 2011, September 2011, and November 2011 through February 2012; $1,454.60 in liquidated damages for the same period; and $1,090.65 in interest accruing from the date due through the date of payment or July 20, 2012. (*See* Sweeney NPF Aff. ¶ 11; Sweeney NPF Aff. Appx.)

**B.      Count II – International Training Fund**

Defendant failed to make contributions due to the ITF for the months of August 2011, September 2011, and November 2011 through February 2012 on behalf of members in Local

162. (Compl. ¶ 15; Sweeney ITF Aff. ¶ 5.) According to the remittance reports submitted by Defendant, Defendant failed to make contributions to the ITF for the above stated time periods in the amount of $1,164.79. (Compl. ¶ 17; Sweeney ITF Aff. ¶ 6.)

Pursuant to Article VI, Section 6, of the Restated Trust Agreement, if an employer fails to file a report or make contributions within ten (10) calendar days of the due date, the Trustees have the discretion to obtain liquidated damages in the amount of twenty percent (20%) of the amount due for each overdue monthly payment. (Compl.¶ 20.) Accordingly, the ITF contends that Defendant owes the ITF $232.96 in liquidated damages for the months of August 2011, September 2011, and November 2011 through February 2012. (*Id.* ¶ 21.)

In addition, the Restated Trust Agreement authorizes interest to accrue at a rate of twelve percent (12%) per annum from the due date to the date of payment. (Compl. ¶ 20; Sweeney ITF Aff. ¶ 10.) The ITF asserts that Defendant owes interest on the delinquent contributions in the total amount of $82.45 from the date due through payment or July 20, 2012. (Sweeney ITF Aff. ¶ 11.)

Consequently, Defendant owes the ITF a total of $1,480.20 in the following amounts: $1,164.79 in delinquent contributions for the months of August 2011, September 2011, and November 2011 through February 2012; $232.96 in liquidated damages for the late payments for the same period; and $82.45 in interest until July 20, 2012, and continuing to accrue until the date of full payment. (Sweeney ITF Aff. ¶ 12; Sweeney ITF Aff. Appx.)

Pursuant to the Agreements and under Section 502(g)(2) of ERISA, Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid; (3) liquidated damages for contributions which were paid late or remain unpaid; and (4) reasonable attorneys' fees and the costs of this action. The amounts due

7

in unpaid and delinquent monthly contributions, liquidated damages on unpaid and delinquent contributions, and accrued interest on unpaid and delinquent contributions calculated through July 20, 2012, are summarized as follows:

| Plaintiff | Delinquent Contributions | Liquidated Damages | Interest through 7/20/2012 | Total |
|---|---|---|---|---|
| National Pension Fund | $14,546.00 | $1,454.60 | $1,090.65 | $17,091.25 |
| International Training Fund | $1,164.79 | $232.96 | $82.45 | $1,480.20 |

(Mem. Supp. Def. J. at 2-3; Sweeney NPF Aff. Appx.; Sweeney ITF Aff. Appx.)

### C.    Attorneys' Fees and Costs

Finally, Plaintiffs seek $2,096.29 in attorneys' fees and costs ($1,450.00 in attorneys' fees and $646.29 in costs). (Mem. Supp. Def. J. at 2.) In support of this request, Plaintiffs submitted the Declaration of John R. Harney and a report of attorneys' fees and costs through July 10, 2012. (Harney Decl. ¶¶ 4-5; Harney Decl. Appx.) The undersigned Magistrate Judge finds the following costs and attorneys' fees to be reasonable:

| Attorneys' Fees | Costs |
|---|---|
| $1,450.00 | $646.29 |

(Harney Decl. ¶ 7; Harney Decl. Appx.)

### III.    RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund and the International Training Fund and against Defendant Precision Piping, Inc.

The National Pension Fund is entitled to recover damages in the following amounts: $14,546.00 in contributions for the months of August 2011, September 2011, and November

8

2011 through February 2012; $1,454.60 in liquidated damages for the same period; and

$1,090.65 in interest accruing from the date due through the date of payment or July 20, 2012.

Thus, the recommended total damages award for the National Pension Fund is $17,091.25.

The International Training Fund is entitled to recover damages in the following amounts:

$1,164.79 in delinquent contributions for the months of August 2011, September 2011, and

November 2011 through February 2012; $232.96 in liquidated damages for the late payments for

the same period; and $82.45 in interest until July 20, 2012, and continuing to accrue until the

date of full payment. Thus, the recommended total damages award for the International Training

Fund is $1,480.20.

Plaintiffs are also entitled to recover their attorneys' fees and costs in the amount of

$2,096.29 in attorneys' fees and costs ($1,450.00 in attorneys' fees and $646.29 in costs). If

further action is required to enforce and collect this judgment, Plaintiffs may apply to this Court

or to the court in which enforcement is sought for further appropriate injunctive relief in addition

to the relief set out in this Report and Recommendation.

## IV.    NOTICE

**By mailing copies of this report and recommendation, the parties are notified that**

**objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b)**

**of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service**

**on you of this report and recommendation. A failure to file timely objections to this report**

**and recommendation waives appellate review of the substance of the report and**

**recommendation and waives appellate review of a judgment based on this report and**

**recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of

record and to Defendant at the following address:

      Precision Piping, Inc.
      633 Union Street
      Troy, OH 45373


                              /s/
                           Ivan D. Davis
                           United States Magistrate Judge

August 9, 2012
Alexandria, Virginia